# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 04-3231

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Gail W. Douglas, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

————————

Submitted: March 16, 2005
Filed: June 1, 2005

————————

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

————————

PER CURIAM.

This case presents the question of whether a police officer's warrantless search of Gail Douglas's apartment was unreasonable under the fourth amendment. The district court[1] denied Mr. Douglas's motion to suppress a shotgun seized as a result of the search. It adopted the magistrate judge's report and recommendation that concluded that the search was not unreasonable, because a reasonable police officer

———————————

[1] The Honorable Gary A. Fenner, United States District Judge for the Western District Court of Missouri, adopting the report and recommendation of The Honorable Sarah W. Hays, United States Magistrate for the Western District of Missouri. *See* 28 U.S.C. § 636(b)(1)(B).

could have believed that Stephanie Burton, who consented to the search, was a co-habitant of the apartment and, in the alternative, that sufficient exigent circumstances existed to warrant the search. Mr. Douglas entered a conditional guilty plea to the charge of being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2), reserving the right to appeal the denial of his motion to suppress. We affirm the district court's order denying the suppression motion, but on different grounds: We conclude that Ms. Burton had actual authority over the apartment and therefore could consent to a search of it.

The magistrate judge found the following facts based on evidence adduced at the suppression hearing. Two police officers went to Mr. Douglas's apartment to investigate a domestic-disturbance call. Ms. Burton, Mr. Douglas's girlfriend at the time, answered the door and invited the officers in. Once inside, the officers interviewed Mr. Douglas and Ms. Burton. Mr. Douglas told the officers that Ms. Burton did not live in the apartment. Ms. Burton told the officers that she had another residence but that she stayed primarily at Mr. Douglas's apartment; Ms. Burton had a microwave oven, a television, clothes, vitamins, and some of her children's toys at the apartment. She also informed them that Mr. Douglas was a convicted felon (which one of the officers confirmed by calling the police dispatcher) and that he possessed a shotgun which he stored under the mattress in the bedroom of the apartment. One of the officers followed Ms. Burton to the bedroom and seized the shotgun from underneath the mattress. Following the search, Ms. Burton reiterated to the police that she lived at the apartment, explaining that she stayed there about four nights per week. On the basis of these facts, the magistrate judge found that Ms. Burton lived at the apartment with Mr. Douglas.

The fourth amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. As a rule, searches and seizures are unreasonable unless accompanied by a warrant. *See, e.g., Illinois v. McArthur*,

531 U.S. 326, 330 (2001). There are exceptions to this rule, however. *Id.* A warrantless search or seizure is not unreasonable if it has been consented to. *See generally Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). An individual's consent is valid if he or she has common authority over the property to be searched. *United States v. James*, 353 F.3d 606, 613 (8th Cir. 2003). The existence *vel non* of common authority does not depend upon the technical rules of property law, *United States v. Matlock*, 415 U.S. 164, 171 n.7 (1974), but "is a function of mutual use, joint access, and control." *James*, 353 F.3d at 613. Thus "an adult co-occupant of a residence can consent to a search." *United States v. Jones*, 193 F.3d 948, 950 (8th Cir. 1999).

Whether an individual has common authority over property is a question of fact. *James*, 353 F.3d at 613. Here, the magistrate judge found on an ample record that Ms. Burton lived at the apartment at the time of the search. (Part of the basis for this finding was that Ms. Burton had clothes, a television set, and a microwave oven there, facts that Mr. Douglas does not contest.) A finding that Ms. Burton had common authority over the premises follows as a matter of law. Her consent to search it was therefore valid.

Affirmed.

_____